| DEBBIE D. DICKENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, | ) |
| *Acting Commissioner of Social Security,* | ) |
| | ) |
| Defendant. | ) |

ORDER

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on May 4, 2016, at Edenton, North Carolina. For the reasons discussed below, this matter is remanded for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim protectively filed on June 23, 2011, for disability and disability insurance benefits (DIB) pursuant to Title II and supplemental security income (SSI) pursuant to Title XVI of the Social Security Act. Plaintiff alleged an onset date of June 12, 2011. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on April 13, 2015. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's coronary artery disease with history of one vessel occlusion requiring stenting in June 2011, diabetes mellitus, degenerative disc disease, osteoarthritis of the right hip, obesity, and essential hypertension were considered severe impairments at step two but were not found alone or in combination to meet or equal a listing at step three. The ALJ concluded that plaintiff had the residual functional capacity to perform a reduced range of light work. The ALJ then found that plaintiff could not perform her past relevant work, but found that, considering plaintiff's age, education, work experience, and RFC, there were other jobs, specifically cashier, marker, and

3

file clerk, that existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of her decision.

An RFC should reflect the most that a claimant can do, despite the claimant's limitations. 20 C.F.R. § 404.1545(a). An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). When assessing a claimant's RFC, an ALJ must consider all of the relevant evidence, including a claimant's subjective testimony. SSR 96-8p; SSR 16-3p.

In assessing plaintiff's RFC, the ALJ noted that plaintiff testified that she has had low back pain and radiating leg pain for years which she now experiences daily, and that this pain affects her ability to sit, stand, and walk. Tr. 30. Plaintiff further testified that her low back causes her a great deal of pain. Tr. 54. The ALJ discounted plaintiff's testimony, however, because she found that the record did not support plaintiff's allegations. Tr. 33. Specifically, the ALJ noted that plaintiff's treating orthopedic physician recommended a multilevel spinal decompression but surgery was not performed because plaintiff's cardiologist would not consent, and that plaintiff had not attempted to reschedule surgery. *Id.*

Recognizing that an ALJ's credibility determination is entitled to great weight, *Shively v. Heckler*, 739 F.2d 987, 989-90 (4th Cir. 1994), the Court must still decide whether such a determination is properly supported. *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). The Court finds that the ALJ's determination that plaintiff's subjective statements regarding her back pain are not credible due, at least in part, to the ALJ's reliance on plaintiff's lack of back surgery is not properly supported. On the contrary, in the absence of surgery, the non-occurrence

4

of which was beyond plaintiff's control, plaintiff's back condition should be presumed to subsist. *See* Tr. 598 (moderate to severe facet hypertrophy, broad-based disc bulges). Because plaintiff had a medically determinable impairment which could reasonably produce pain and which had not been surgically corrected, plaintiff was entitled to rely on her subjective testimony regarding the both the pain and its degree. *Foster v. Heckler*, 780 F.2d 1125, 1129 (4th Cir. 1986).

Plaintiff testified that she could not stand for more than ten or fifteen minutes without pain. Tr. 57. Although the ALJ included a sit/stand option every thirty-to-sixty minutes in plaintiff's RFC to accommodate plaintiff's back pain, she clearly disregarded as not credible plaintiff's testimony that she could only stand for a much shorter time. Because this was based on an credibility finding not properly supported, the Court finds that remand is appropriate so that the ALJ might further consider plaintiff's low back pain and her credibility regarding its effects.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 26] is GRANTED and defendant's motion for judgment on the pleadings [DE 28] is DENIED. The decision of the ALJ is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this **୨ O** day of May, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5